UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BETH A. BAKER,  )<br>  )<br>      Plaintiff,  )<br>  )<br>      vs.  )<br>  )<br>CAPITAL ONE BANK (USA), N.A. a/k/a  )<br>CAPITAL ONE SERVICES, LLC,  )<br>  )<br>      Defendant.  ) | Cause No. 1:12-cv-971-SEB-DKL |

### ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

Before the Court is the Motion to Dismiss (Docket No. 8) filed by defendant Capital One Bank (USA), N.A ("Capital One"). Plaintiff, Beth A. Baker ("Baker"), who is represented by counsel, failed to respond to Capital One's motion[1] and the time for doing so has now passed. Accordingly, this motion is ripe for ruling. For the reasons set forth below, the Court **GRANTS** Capital One's motion and dismisses plaintiff's complaint with prejudice.

### I. STANDARD OF REVIEW

When reviewing a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court must accept as true all well-pleaded facts and draw all possible inferences in favor of the plaintiff. *Lake v. Neal*, 585 F.3d 1059, 1060 (7th Cir. 2009). However, the allegations must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" and the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Pisciotta v. Old National Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007) (citations omitted). Stated differently, the complaint must "include enough facts to state a claim

---

[1] Baker has not sought leave to amend her Complaint.

to relief that is plausible on its face." *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (citations omitted). To be facially plausible, the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## II. PLAINTIFF'S FACTUAL ALLEGATIONS

The following allegations are taken from Baker's Complaint and are presumed to be true. *See Minn-Chem, Inc. v. Agrium, Inc.*, 683 F.3d 845, 852-53 (7th Cir. 2012); *Lake*, 585 F.3d at 1060. Baker has a Capital One credit card account. In July 2010, Capital One sent Baker a letter informing her that a temporary hold had been placed on her credit card account. Capital One instructed Baker to "make sure that no one is using your Capital One credit card without your permission." Baker contacted Capital One, indicated that she had not authorized anyone to use her account and asked Capital One to close the account. Sometime thereafter, Baker informed Capital One that there were unauthorized charges on her account. Capital One subsequently reported Baker's account as delinquent.

## III. DISCUSSION

Baker's Complaint alleges causes of action under the federal Fair Debt Collection Practices Act ("FDCPA"), the Fair Credit Reporting Act ("FCRA"), and the Truth in Lending Act ("TILA"). Because none of these claims are viable as a matter of law, the claims must be dismissed.

### A. The Fair Debt Collection Practices Act Claim.

The FDCPA distinguishes between "debt collectors" and "creditors." *See* 15 U.S.C. §§ 1692a(4), (6). The statute regulates only "debt collectors," defined as those who collect debts that are due to someone else. *See* 15 U.S.C. § 1692a(6); *McKinney v. Cadleway Props., Inc.*, 548 F.3d 496, 500 (7th Cir. 2008).

Baker alleges that Capital One violated the FDCPA—which specific provision is unclear—but she does not allege that Capital One is a debt collector. For this reason alone, her FDCPA claim must be dismissed.

Furthermore, Capital One is not a debt collector for purposes of the FDCPA. Rather, it is a creditor—one "who offers or extends credit creating a debt or to whom a debt is owed." 15 U.S.C. § 1692a(4). Baker alleges that she had a consumer-credit account with Capital One. Accordingly, Capital One is Baker's creditor, rather than a debt collector seeking to collect on another creditor's behalf. *See, e.g.*, *Aubert v. Am. Gen. Fin., Inc.*, 137 F.3d 976, 978 (7th Cir. 1998) ("Creditors who collect in their own name and whose principal business is not debt collection . . . are not subject to the Act."); *Newman v. Boehm, Pearlstein & Bright, Ltd.*, 119 F.3d 477, 482 n.3 (7th Cir. 1997) ("The FDCPA applies only to the debt collection activities of a third party who is collecting a debt owed to another . . . ."). Because Capital One is not a debt collector, it is not subject to the FDCPA, and thus, Baker's FDCPA claim fails as a matter of law.

### B. The Fair Credit Reporting Act Claims.

Baker alleges causes of action under two sections of the FCRA—15 U.S.C. § 1681s-2(a) and 15 U.S.C. § 1681s-2(b). Both FCRA claims also fail as a matter of law.

Section 1681s-2(a) provides that a person shall not furnish information relating to a consumer if "the person knows or has reasonable cause to believe that the information is inaccurate." But there is no private right of action to enforce this section. *See* 15 U.S.C. § 1681s-2(d); *Lang v. TCF Nat'l Bank*, 338 F. App'x 541, 544 (7th Cir. 2009); *Jack v. Midland Credit Mgmt.*, No. 1:10-cv-715-TWP-DKL, 2011 WL 4387556, at *4 (S.D. Ind. Sept. 20, 2011); *see also Perry v. First Nat'l Bank*, 459 F.3d 816, 822 (7th Cir. 2006). Thus, Baker's § 1681s-2(a) claim must be dismissed.

Baker's § 1681s-2(b) claim fares no better.  Section 1681s-2(b) imposes certain duties on a creditor notified by a credit reporting agency that a consumer has disputed information furnished by that creditor.  *See Kennedy v. Equifax, Inc.*, 641 F. Supp. 2d 788, 792 (S.D. Ind. 2009).  This section requires creditors, after receiving notice of a consumer dispute from a credit reporting agency, to conduct a reasonable investigation, review all relevant information, report the results, and modify, delete, or block inaccurate or incomplete information.  15 U.S.C. § 1681s-2(b); *see also Westra v. Credit Control of Pinellas*, 409 F.3d 825, 827 (7th Cir. 2005). Importantly, a creditor's duty to conduct a reasonable investigation does not arise unless or until the creditor receives notification *from a credit reporting agency* that a consumer has disputed information furnished by the creditor.  *See Walton v. Bank of Am.*, No. 1:11-cv-685-SEB-DML, 2012 WL 566305, at *3 (S.D. Ind. Feb. 17, 2012); *Jack*, 2011 WL 4387556, at *4; *Kennedy*, 641 F. Supp. 2d at 792.

Here, Baker has not pleaded any facts to support her § 1681s-2(b) claim.  She has not alleged that she disputed information on her credit report to any credit reporting agency.  She has not alleged that any credit reporting agency sent notice of such a dispute to Capital One.  And she has not alleged that Capital One, upon receiving such a notice of dispute, failed to conduct a reasonable investigation.  Thus, her § 1681s-2(b) claim must be dismissed.  *Jack*, 2011 WL 4387556 at *4; *see also Gorman v. Wolpoff & Abramson, LLP*, 552 F.3d 1008, 1014 (9th Cir. 2009); *Alam v. Sky Recovery Servs., Ltd.*, No. H-08-2377, 2009 WL 693170 (S.D. Tex. Mar. 13, 2009); *Peasley v. Verizon Wireless (VAW) LLC*, 364 F. Supp. 2d 1198, 1200 (S.D. Cal. 2005).

    **C.**    **The Truth in Lending Act Claim.**

Baker's fourth claim is under the TILA and is apparently based on Capital One reporting her account as delinquent, which she alleges adversely affected her credit.  Baker asserts that this conduct gives rise to a claim under § 226.12(c) of Regulation Z.  Section 226.12(c) is the

4

implementing regulation for 15 U.S.C. § 1666i, which "allows a cardholder to assert any non-tort claims or defenses arising out of the underlying credit card transaction against a credit card issuer." *Beaumont v. Citibank (S.D.) N.A.*, No 01. Civ. 3393(DLC), 2002 WL 483431, at *5 (S.D.N.Y. Mar. 28, 2002). However, § 1666i does not create an independent cause of action. *Id.* at *6-7. Thus, because Baker has not alleged that Capital One committed any independent violation of the TILA under § 1640(e), her claim fails as a matter of law.

In addition, Baker's TILA claim must be dismissed because the rights in § 1666i apply only when there is a dispute between a cardholder and a merchant who furnished goods or services paid for by the credit card. *Ioane v. Alter*, No. CIV 96-20629 SW, 1997 WL 767526, at *4 (N.D. Cal. Nov. 21, 1997) (quoting 12 C.F.R. § 226.12(c)(3)). Here, Baker does not allege any facts indicating that she had a dispute with a merchant—her only dispute is with Capital One. Thus, for this additional reason, her TILA claim must be dismissed.[2]

Although courts often dismiss without prejudice to give plaintiffs an opportunity to amend their complaints to state legally viable claims, a court should not grant leave to amend "where the amendment would be futile." *Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011). Given the facts that Baker has already pleaded, any amendment would be futile; therefore, no leave to amend will be given. *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 943 (7th Cir. 2012).

## CONCLUSION

For the foregoing reasons, Capital One's Motion to Dismiss (Docket No. 8) is **GRANTED** and Baker's Complaint is **DISMISSED WITH PREJUDICE**. Final judgment shall be entered accordingly.

---

[2] Capital One also argues that Baker's TILA claim is time-barred. Because the Court has resolved the TILA claims on other grounds, it need not address this argument.

SO ORDERED:

Date: 11/26/2012

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Jane Dall Wilson
Kathryn E. Olivier
FAEGRE BAKER DANIELS LLP
jane.wilson@faegrebd.com
kathryn.olivier@faegrebd.com

Jamie H. Harvey
SMITH HARVEY LAW OFFICE
jhharvey@smithharveylawoffice.com